IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYANT BULLOCKS** | ) | FILED: MARCH 20, 2008 |
| | ) | 08CV1645      AEE |
| Plaintiff, | ) | Case No: JUDGE ST. EVE |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | COMPLAINT FOR VIOLATION OF |
| Officer J.W. Hoffman, Star No. 19110, | ) | CIVIL RIGHTS |
| J.S. Weyforth, Star No. 12186, an unknown | ) | |
| number Of unnamed Chicago Police, | ) | |
| Thomas Dart, in his official capacity as | ) | |
| Sheriff of Cook County, and an unknown | ) | |
| number of unnamed Cook County | ) | |
| Correctional Officers | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Bryant Bullocks ("Bullocks") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police officer J.W. HOFFMAN, Star No. 19110 ("Hoffman") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or

representative of the City of Chicago Police Department. This Defendants is being sued in his individual/personal capacity.

5. At all times herein mentioned, Defendant Chicago Police officer J.S. WEYFORTH, Star No. 12186 ("Weyforth") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendants is being sued in his individual/personal capacity.

6. At all times herein mentioned, Defendant unknown number of unnamed Chicago Police officers were employed by the City of Chicago Police Department and were acting under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identities become known.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

8. At all times herein mentioned, Defendant unknown number of unnamed Cook County Correctional Officers were employed by the Cook County Department of Corrections and were acting under the color of state law and as the employees, agents, or representatives of the Cook County Sheriff. These Defendants are being sued in their individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identities become known.

9.     At all times herein mentioned, Thomas Dart, the SHERIFF OF COOK COUNTY, is an independently elected official in Cook County and is responsible for maintaining and operating the Cook County Department of Corrections which oversees the operation of the Cook County Jail. The Sheriff has final policymaking authority over Cook County Jail. This defendant is being sued in his official capacity.

## FACTUAL ALLEGATIONS

10.    On or about June 20, 2007, plaintiff was arrested by Hoffman and Weyforth.

11.    After his arrest plaintiff was transported to the Chicago Police Department's 2nd District where he was processed and held in the custody of the Chicago Police Department.

12.    After his arrest plaintiff advised Hoffman and Weyforth that he is an insulin dependant diabetic and requested that they take steps to provide him with access to insulin and/or necessary medical care.

13.    Neither Hoffman nor Weyforth took any steps to provide plaintiff with access to insulin and/or necessary medical care.

14.    While being held in the custody of the Chicago Police Department's 2nd District plaintiff informed at least two (2) unknown unnamed Chicago Police Officers assigned to the holding area/lock-up that he is an insulin dependant diabetic.

15.    Plaintiff requested that the at least two (2) unknown unnamed Chicago Police Officers act in such a way as to provide plaintiff insulin. Plaintiff's requests were denied and he was not provided with access to insulin or necessary medical care.

16. As a result of plaintiff's need for insulin he began to vomit while in the custody of the Chicago Police Department, and advised an unknown unnamed Chicago Police office of this fact, and that he needed insulin.

17. On or about June 21, 2007, plaintiff was transported from the custody of the Chicago Police Department to the custody of the Cook County Department of Corrections where he was held inside Cook County Jail.

18. Upon his arrival at Cook County Jail plaintiff informed an unknown unnamed employee of the Cook County Department of Corrections that he is an insulin dependant diabetic and in need of insulin. This unknown unnamed employee of the Cook County Department of Corrections told plaintiff that he would return to provide him with assistance, but this person never returned to assist plaintiff.

19. Thereafter, plaintiff told an unknown unnamed Cook County Correctional Officer that he is an insulin dependant diabetic in need of insulin. The Cook County Correctional Officer told plaintiff that he could not provide plaintiff with any assistance with regard to his need for insulin.

20. Plaintiff then made an appearance before a judge via closed circuit television.

21. After plaintiff's appearance before a judge he began vomiting as a result of not having access to insulin. Plaintiff informed multiple unknown unnamed Cook County Correctional Officers that he is an insulin dependant diabetic in need of insulin. None of the unknown unnamed correctional officers acted in such a way as to have plaintiff receive medical treatment or provided with insulin.

22. Eventually, as a result of not having access to insulin, plaintiff lost consciousness.

23. After regaining his consciousness an unknown unnamed correctional officer began physically abusing plaintiff.

24. There was no legal cause to use any physical force of any kind against plaintiff.

25. After being physically abused plaintiff began vomiting again as a result of not having access to insulin.

26. Ultimately, on or about June 21, 2008, only after a family member posted bond for plaintiff, was plaintiff taken by ambulance to a hospital and admitted to an intensive care unit as a result of being denied access to insulin by defendants.

27. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, medical treatment, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

28. The aforementioned acts and omissions of Hoffman, Weyforth, unknown unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional Officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

29. By reason of the above-described acts and omissions of Hoffman, Weyforth, unknown unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional Officers, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a

reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINST HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR UNREASONABLE INATTENTION TO MEDICAL NEEDS

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

31. As alleged above, Defendants knew of Plaintiff's diabetic condition and his need for insulin but did not provide plaintiff with access to insulin and/or did not provide Plaintiff with any medical care and treatment. Through their actions and omissions, Defendants unreasonably subjected Plaintiff to an unreasonable seizure in violation of his rights under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.. These actions and omissions caused substantial harm to Plaintiff. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

## COUNT II

### PLAINTIFF AGAINST UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICERS FOR UNREASONABLE INATTENTION AND/OR DELIBERANT INDIFFERENCE TO MEDICAL NEEDS

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

33. As alleged above, Defendants knew of Plaintiff's diabetic condition and his need for insulin but unreasonably and/or with deliberate indifference did not provide plaintiff with

access to insulin and/or did not provide Plaintiff with any medical care and treatment. Through their actions and omissions, Defendants unreasonably and/or with deliberate indifference did not not attend to plaintiff's medical needs in violation of his rights under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. These actions and omissions caused substantial harm to Plaintiff. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

### COUNT III
### Plaintiff Against Unknown Unnamed Cook County Correctional Officer for
### EXCESSIVE FORCE

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

35. While a pretrial detainee inside Cook County Jail an unknown unnamed correctional officer used excessive force against plaintiff's person.

36. There was no legal cause for defendant to use force against plaintiff.

37. By reason of defendant's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

38. The physical violence inflicted upon plaintiff by unknown, unnamed correctional officer was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV

## PLAINTIFF AGAINST THE CITY OF CHICAGO, HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

40. On June 20, 2007, Plaintiff was arrested and transported to the lockup at the Chicago Police Department's 2nd District.

41. That at the aforesaid place and time, the Defendants were acting within the scope of their employment, as employees of the City of Chicago Police Department.

42. Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of immediate medical care and/or medication. Further, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

43. As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and suffered great physical, mental, and emotional pain and suffering all to his detriment.

44. The City of Chicago is liable to Plaintiff for the acts of Hoffman, Weyforth, and unknown unnamed Chicago Police Officers pursuant to the doctrine of *respondeat superior*.

45. Therefore, unknown unnamed Chicago Police Officers, and the City of Chicago are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

## COUNT V

### PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

46.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

47.     On or about June 21, 2007, Plaintiff was taken into custody at the Cook County Jail.

48.     That at the aforesaid place and time, the Defendants were acting within the scope of their employment, as employees of the Sheriff of Cook County.

49.     Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of immediate medical care and/or medication. Further, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

50.     As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and suffered great physical, mental, and emotional pain and suffering all to his detriment.

51.     The Cook County Sheriff is liable to Plaintiff for the acts of unknown unnamed Cook County Correctional Officers pursuant to the doctrine of *respondeat superior*.

52.     Therefore, unknown unnamed Cook County Correctional Officers, and the Cook County Sheriff are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

## COUNT VI

**PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICER FOR
THE SUPPLEMENTAL STATE CLAIM OF
BATTERY**

53. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

54. Unknown unnamed Cook County Correctional Officer without any legal cause used force against plaintiff's person.

55. The use of force against plaintiff's person by unknown unnamed Cook County Correctional Officer constituted a battery to plaintiff.

56. As a result of the battery, plaintiff was injured physically, emotionally, financially, and otherwise.

57. The Cook County Sheriff is liable to plaintiff for the acts of unknown, unnamed Cook County Correctional Officer pursuant to the doctrine of *respondeat superior.*

58. Therefore, defendants unknown unnamed Cook County Correctional Officer, and the Sheriff of Cook County are liable under the state supplemental claim of Battery.

WHEREFORE, the plaintiff Bryan Bullocks, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendants, except the City of Chicago and the Cook County Sheriff, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal access to Justice Act, or any other applicable provision.

4. That Defendants, except the City of Chicago and the Cook County Sheriff, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem proper.

Respectfully Submitted,

/s/Garrett Browne
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By:s/Garrett Browne
Garrett Browne

Ed Fox & Associates
300 West Adams
Suite 330
Chicago, IL 60606
(312) 345-8877
(312) 853-3489 FAX