UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYANT BULLOCKS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1645 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy St. Eve |
| CITY OF CHICAGO, Chicago Police | ) | |
| Officer J.W. Hoffman, Star No. 19110, | ) | Magistrate Judge Keys |
| J.S. Weyforth, Star No. 12186, an unknown | ) | |
| Numbers of unnamed Chicago Police, | ) | |
| Thomas Dart, in his official capacity as | ) | |
| Sheriff of Cook County, and an unknown | ) | |
| Number of unnamed Cook County | ) | |
| Correctional Officers | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES THE DEFENDANT, Thomas Dart, Sheriff of Cook County, by and through his attorney, Richard A. Devine, through his assistant, Steven L. Satter, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, present the following Answer to Plaintiff's Complaint:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343,1331, and 1367.

**ANSWER:** The Defendant admits the allegations contained in this paragraph

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** The Defendant admits the allegations contained in this paragraph.

### PARTIES

3. At all times herein mentioned, Plaintiff Bryant Bullocks ("Bullocks") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

4. At all times herein mentioned, Defendant Chicago Police officer J.W. HOFFMAN, Star No. 19110 ("Hoffman") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

5. At all times herein mentioned, Defendant Chicago Police officer J.S. WEYFORTH, Star No. 12186 ("Weyforth") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendants is being sued in his individual/personal capacity.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

6. At all times herein mentioned, Defendant unknown number of unnamed Chicago Police officers were employed by the City of Chicago Police Department and were acting under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their

individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identities become known.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

8. At all times herein mentioned, Defendant unknown number of unnamed Cook County Correctional Officers were employed by the Cook County Department of Corrections and were acting under the color of state law and as the employees, agents, or representatives of the Cook County Sheriff. These Defendants are being sued in their individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identities become known.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

9. At all times herein mentioned, Thomas Dart, the SHERIFF OF COOK COUNTY, is an independently elected official in Cook County and is responsible for maintaining and operating the Cook County Department of Corrections which oversees the operation of the Cook County Jail. The Sheriff has final policymaking authority over Cook

County Jail. This defendant is being sued in his official capacity.

**ANSWER:** The Defendant admits the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

10. On or about June 20, 2007, plaintiff was arrested by Hoffman and Weyforth.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

11. After his arrest plaintiff was transported to the Chicago Police Department's 2nd District where he was processed and held in the custody of the Chicago Police Department.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

12. After his arrest plaintiff advised Hoffman and Weyforth that he is an insulin dependant diabetic and requested that they take steps to provide him with access to insulin and/or necessary medical care.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

13. Neither Hoffman nor Weyforth took any steps to provide plaintiff with access to insulin and/or necessary medical care.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

14. While being held in the custody of the Chicago Police Department's 2nd District plaintiff informed at least two (2) unknown unnamed Chicago Police Officers

assigned to the holding area/lock-up that he is an insulin dependant diabetic.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

15. Plaintiff requested that the at least two (2) unknown unnamed Chicago Police Officers act in such a way as to provide plaintiff insulin. Plaintiffs requests were denied and he was not provided with access to insulin or necessary medical care.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

16. As a result of plaintiffs need for insulin he began to vomit while in the custody of the Chicago Police Department, and advised an unknown unnamed Chicago Police office of this fact, and that he needed insulin.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

17. On or about June 21, 2007, plaintiff was transported from the custody of the Chicago Police Department to the custody of the Cook County Department of Corrections where he was held inside Cook County Jail.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

18. Upon his arrival at Cook County Jail plaintiff informed an unknown unnamed employee of the Cook County Department of Corrections that he is an insulin dependant diabetic and in need of insulin. This unknown unnamed employee of the Cook County Department of Corrections told plaintiff that he would return to provide him with assistance, but this person never returned to assist plaintiff.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

19. Thereafter, plaintiff told an unknown unnamed Cook County Correctional Officer that he is an insulin dependant diabetic in need of insulin. The Cook County Correctional Officer told plaintiff that he could not provide plaintiff with any assistance with regard to his need for insulin.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

20. Plaintiff then made an appearance before a judge via closed circuit television.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

21. After plaintiffs appearance before a judge he began vomiting as a result of not having access to insulin. Plaintiff informed multiple unknown unnamed Cook County Correctional Officers that he is an insulin dependant diabetic in need of insulin. None of the unknown unnamed correctional officers acted in such a way as to have plaintiff receive medical treatment or provided with insulin.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

22. Eventually, as a result of not having access to insulin, plaintiff lost consciousness.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the

allegations contained in this paragraph.

23. After regaining his consciousness an unknown unnamed correctional officer began physically abusing plaintiff.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

24. There was no legal cause to use any physical force of any kind against plaintiff.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

25. After being physically abused plaintiff began vomiting again as a result of not having access to insulin.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

26. Ultimately, on or about June 21, 2008, only after a family member posted bond for plaintiff, was plaintiff taken by ambulance to a hospital and admitted to an intensive care unit as a result of being denied access to insulin by defendants.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

27. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, medical treatment, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

28. The aforementioned acts and omissions of Hoffman, Weyforth, unknown unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional

7

Officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** The allegations directed at Defendants, Hoffman, Weyforth and unknown Chicago Police Officers are not directed at this answering Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph. By way of further answer, as to the remaining allegations, Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

29. By reason of the above-described acts and omissions of Hoffman, Weyforth, unknown unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional Officers, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

<u>COUNT I</u>

**PLAINTIFF AGAINST HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR UNREASONABLE INATTENTION TO MEDICAL NEEDS**

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

31. As alleged above, Defendants knew of Plaintiff's diabetic condition and his need for insulin but did not provide plaintiff with access to insulin and/or did not provide Plaintiff with any medical care and treatment. Through their actions and omissions, Defendants unreasonably subjected Plaintiff to an unreasonable seizure in violation of his rights under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. These actions and omissions caused substantial harm to Plaintiff. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

### COUNT II

### PLAINTIFF AGAINST UNKNOWN UNNAMED COOK COUNTCORRECTIONAL OFFICERS FOR UNREASONABLE INATTENTION AND/OR DELIBERANT INDIFFERENCETO MEDICAL NEEDS

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

33. As alleged above, Defendants knew of Plaintiff's diabetic condition and his need for insulin but unreasonably and/or with deliberate indifference did not provide plaintiff with access to insulin and/or did not provide Plaintiff with any medical care and treatment. Through their actions and omissions, Defendants unreasonably and/or with deliberate indifference did not not attend to plaintiffs medical needs in violation of his rights under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United

9

States and laws enacted thereunder. These actions and omissions caused substantial harm to Plaintiff. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. section 1983.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT III

### PLAINTIFF AGAINST UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICER FOR EXCESSIVE FORCE

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

35. While a pretrial detainee inside Cook County Jail an unknown unnamed correctional officer used excessive force against plaintiffs person.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

36. There was no legal cause for defendant to use force against plaintiff.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

37. By reason of defendant's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

38. The physical violence inflicted upon plaintiff by unknown, unnamed correctional officer was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff

10

pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT IV

### PLAINTIFF AGAINST THE CITY OF CHICAGO, HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

40. On June 20, 2007, Plaintiff was arrested and transported to the lockup at the Chicago Police Department's 2nd District.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

41. That at the aforesaid place and time, the Defendants were acting within the scope of their employment, as employees of the City of Chicago Police Department.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

42. Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of immediate medical care and/or medication. Further, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit

Plaintiff to take his medication.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

43. As a result of the foregoing, Plaintiff has sustained injuries including^, but not limited to, medical treatment, and suffered great physical, mental, and emotional pain and suffering all to his detriment.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

44. The City of Chicago is liable to Plaintiff for the acts of Hoffman, Weyforth, and unknown unnamed Chicago Police Officers pursuant to the doctrine of respondeat superior.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

45. Therefore, unknown unnamed Chicago Police Officers, and the City of Chicago are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

**ANSWER:** The allegations set forth in this paragraph are not directed toward this Defendant and therefore do not require an answer. However, should this Honorable Court determine that these allegations in fact are directed at this answering Defendant, the Defendant denies the allegations contained in this paragraph.

## COUNT V

### PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

46. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

47. On or about June 21, 2007, Plaintiff was taken into custody at the Cook County Jail.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

48. That at the aforesaid place and time, the Defendants were acting within the scope of their employment, as employees of the Sheriff of Cook County.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

49. Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of immediate medical care and/or medication. Further, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

50. As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and suffered great physical, mental, and emotional pain and suffering all to his detriment.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the

allegations contained in this paragraph.

51. The Cook County Sheriff is liable to Plaintiff for the acts of unknown unnamed Cook County Correctional Officers pursuant to the doctrine of respondent superior.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

52. Therefore, unknown unnamed Cook County Correctional Officers, and the Cook County Sheriff are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

## COUNT VI

### PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTYCORRECTIONAL OFFICER FOR THE SUPPLEMENTAL STATE CLAIM OF BATTERY

53. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-nine (29) hereat as though fully alleged at this place.

**ANSWER:** Defendant reasserts his Answers as previously set forth in paragraphs one (1) though twenty-nine (29).

54. Unknown unnamed Cook County Correctional Officer without any legal cause used force against plaintiffs person.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

55. The use of force against plaintiffs person by unknown unnamed Cook County Correctional Officer constituted a battery to plaintiff.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

56. As a result of the battery, plaintiff was injured physically, emotionally,

14

financially, and otherwise.

**ANSWER:** Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

57. The Cook County Sheriff is liable to plaintiff for the acts of unknown, unnamed Cook County Correctional Officer pursuant to the doctrine of respondeat superior.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

58. Therefore, defendants unknown unnamed Cook County Correctional Officer, and the Sheriff of Cook County are liable under the state supplemental claim of Battery.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

**WHEREFORE,** based upon the foregoing, Defendant, Thomas Dart, Sheriff of Cook County, respectfully request that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant him fees, costs, and such other relief that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant, Thomas Dart, by and through his undersigned attorney pleads the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies and his claims are therefore barred.

3. Defendant is immune from suit pursuant to Illinois state law as well as applicable federal law.

4. Defendant was acting as an arm of the State while performing his duties at all relevant times stated in Plaintiff's Complaint. Therefore, Defendant is immune from suit in his official capacity under the Eleventh Amendment.

5. To the extent any injuries or damages claimed by Plaintiff were proximately

15

caused, in whole or in part, by negligent, willful wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

      6.    The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

## **JURY DEMAND**

Defendant, Thomas Dart, Sheriff of Cook County, respectfully demands trial by jury.

                        Respectfully submitted,

                        RICHARD A. DEVINE
                        COOK COUNTY STATE'S ATTORNEY

By:    /s/ Steven L. Satter
        Steven L. Satter
        Assistant State's Attorney

Steven L. Satter
Assistant State's Attorney
Id. No.: 6243813
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602

(312) 603-5105