**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRYANT BULLOCKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | NO.  08 CV 1645 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | JUDGE ST. EVE |
| Officer J.W. Hoffman, Star No. 19110, | ) | MAGISTRATE JUDGE KEYS |
| J. W. Weyforth, Star No. 12186, an unknown | ) | |
| number Of unnamed Chicago Police, | ) | |
| Thomas Dart, in his official capacity as | ) | |
| Sheriff of cook County, and an unknown | ) | |
| number of unnamed Cook County | ) | |
| Correctional Officers | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' CITY OF CHICAGO, OFFICER J.W. HOFFMAN AND
OFFICER J.S. WEYFORTH ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants City of Chicago, Jeffrey Hoffman ("Hoffman") and James Weyforth,

("Weyforth") by one of their attorneys, Erica Hokens Assistant Corporation Counsel, City of

Chicago, and for their Answer and Affirmative Defenses to the Plaintiff's Complaint in this

cause made on behalf of themselves and not on behalf of any unknown or co-defendants in this

cause, state as follows:

**JURISDICTION AND VENUE**

_____1.     This action arises under the United States Constitution and the Civil Rights Act of

1871 [42 U.S.C. Section 1983].  This Court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343, and 1331, and 1367.

**ANSWER:**    Defendants admit this court has jurisdiction over the federal claims and supplemental jurisdiction over the state claims alleged in this case.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this District.

**ANSWER:**    Defendants admit that venue is proper.

### PARTIES

3.    At all times herein mentioned, Plaintiff Bryant Bullocks ("Bullocks") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

**ANSWER:**    On information and belief, defendants admit the allegations in this paragraph.

4.    At all times herein mentioned, Defendant Chicago Police officer J.W. Hoffman, Star No. 19110 ("Hoffman") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department.  This Defendant is being sued in his individual/personal capacity.

**ANSWER:**    Defendants admit that on June 20, 2007, Officer J.W. Hoffman was employed and on duty as a Chicago Police Officer and acted under color of law at the times alleged in the complaint. Defendants further admit Hoffman is sued in his individual capacity. Defendants deny the remaining allegations in this paragraph.

5.    At all times herein mentioned, Defendant Chicago Police officer J. S. WEYFORTH, Star No. 12186 ("Weyforth") was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department.  This Defendants is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that on June 20, 2007, Officer J.S Weyforth was employed and on duty as a Chicago Police Officer and acted under color of law at the times alleged in the complaint. Defendants further admit Weyforth is sued in his individual capacity. Defendants deny the remaining allegations in this paragraph.

6.      At all times herein mentioned, Defendant unknown number of unnamed Chicago Police officers were employed by the City of Chicago Police Department and were acting under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department.  These Defendants are being sued in their individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identifies become known.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.


7.      At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:**     Defendants admit City of Chicago is a municipality organized under the

laws of the State of Illinois and that it operates the City of Chicago Police Department.

Defendants deny the remaining allegations in this paragraph.


8.      At all times herein mentioned, Defendant unknown number of unnamed Cook County Correctional Officers were employed by the Cook County Department of Corrections and were acting under the color of state law and as the employees, agents, or representatives of the Cook County Sheriff.  These Defendants are being sued in their individual/personal capacities. Plaintiff will file an amended complaint alleging the names of these defendants once their identities become known.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

9.      At all times herein mentioned, Thomas Dart, the SHERIFF OF COOK COUNTY, is an independently elected official in Cook County and is responsible for maintaining and operating the Cook County Department of Corrections which oversees the operation of the Cook County Jail.  The Sheriff has final policymaking authority over Cook County Jail.  This defendant is being sued in his official capacity.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

## **FACTUAL ALLEGATIONS**

_____10.    On or about June 20, 2007, plaintiff was arrested by Hoffman and Weyforth.

**ANSWER:**    Defendants admit the allegations in this paragraph.

11.    After his arrest plaintiff was transported to the Chicago Police Department's 2nd District where he was processed and held in the custody of the Chicago Police Department.

**ANSWER:**    Defendants admit that at a certain point in time following his arrest,

plaintiff was processed and held in custody at the 2nd police district.

12.    After his arrest plaintiff advised Hoffman and Weyforth that he is an insulin dependant diabetic and requested that they take steps to provide him with access to insulin and/or necessary medical care.

**ANSWER:** Defendants deny that plaintiff advised them immediately following his arrest

that is was an insulin dependant diabetic.  Defendants admit that after being taken to and upon

his entry to the 2nd district lockup, plaintiff stated to lockup personnel that he takes insulin for

diabetes. Defendants deny plaintiff requested access to insulin or medical care and deny the

remaining allegations in this paragraph.

13.    Neither Hoffman nor Weyforth took any steps to provide plaintiff with access to insulin and/or necessary medical care.

**ANSWER:**    Defendants affirmatively state that plaintiff never asked for access to

insulin or medical care, did not have an obvious serious medical need and admit they did not take

any steps to provide plaintiff with access to insulin and/or necessary medical care.

14.    While being held in the custody of the Chicago Police Department's 2nd  District plaintiff informed at least two (2) unknown unnamed Chicago Police Officers assigned to the holding area/lock-up that he is an insulin dependant diabetic.

**ANSWER:**    On information and belief, defendants admit plaintiff told lock up

personnel at the 2nd District that he takes insulin for diabetes. Defendants deny the remaining

allegations in this paragraph.

15.    Plaintiff requested that at least two (2) unknown unnamed Chicago Police
Officers act in such a way as to provide plaintiff insulin.  Plaintiff's requests were denied and he
was not provided with access to insulin or necessary medical care.

**ANSWER:**    Defendant deny the allegations in this paragraph.

16.    As a result of plaintiff's need for insulin he began to vomit while in the custody of
the Chicago Police Department, and advised an unknown unnamed Chicago Police office of this
fact, and that he needed insulin.

**ANSWER:**    Defendants deny that plaintiff vomited while he was in the custody of

Hoffman and Weyforth and are without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of this paragraph.

17.    On or about June 21, 2007, plaintiff was transported from the custody of the
Chicago Police Department to the custody of the Cook County Department of Corrections where
he was held inside Cook County Jail.

**ANSWER:**    On information and belief,  Defendants admit the allegations in this

paragraph.

18.    Upon his arrival at Cook County Jail plaintiff informed an unknown unnamed
employee of the Cook County Department of Corrections that he is an insulin dependant diabetic
and in need of insulin.  This unknown unnamed employee of the Cook County Department of
Corrections told plaintiff that he would return to provide him with assistance, but this person
never returned to assist plaintiff.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

19.    Thereafter, plaintiff told an unknown unnamed Cook County Correctional Officer
that he is an insulin dependant diabetic in need of insulin.  The Cook County Correctional
Officer told plaintiff that he could not provide plaintiff with any assistance with regard to his

need for insulin.

 **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

 20. Plaintiff then made an appearance before a judge via closed circuit television.

 **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

 21. After plaintiff's appearance before a judge he began vomiting as a result of not having access to insulin. Plaintiff informed multiple unknown unnamed Cook County Correctional Officers that he is an insulin dependant diabetic in need of insulin. None of the unknown unnamed correctional officers acted in such a way as to have plaintiff receive medical treatment or provided with insulin.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

 22. Eventually, as a result of not having access to insulin, plaintiff lost consciousness.

 **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

 23. After regaining his consciousness an unknown unnamed correctional officer began physically abusing plaintiff.

 **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

 24. There was no legal cause to use any physical force of any kind against plaintiff.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.


25.    After being physically abused plaintiff began vomiting again as a result of not
having access to insulin.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.


26.    Ultimately, on or about June 21, 2008, only after a family member posted bond
for plaintiff, was plaintiff taken by ambulance to a hospital and admitted to an intensive care unit
as a result of being denied access to insulin by defendants.

**ANSWER:**    Defendants deny they denied or prevented plaintiff's  access to insulin,

deny they committed any wrongdoing to plaintiff and are without knowledge or information

sufficient to form a belief as to the truth of the remaining  allegations of this paragraph.


27.    By reason of the above-described acts and omissions of Defendants, Plaintiff
sustained injuries including, but not limited to, medical treatment, humiliation and indignities,
and suffered great physical, mental, and emotional pain and suffering all to his damage in an
amount to be ascertained.

**ANSWER:**    Defendants deny  they committed any wrongdoing or misconduct to the

plaintiff or that they caused injury to plaintiff and deny the remaining allegations in this

paragraph.

28.    The aforementioned acts and omissions of Hoffman, Weyforth, unknown
unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional Officers
were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or
callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive
damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**    Defendants deny the allegations of this paragraph.

29.    By reason of the above-described acts and omissions of Hoffman, Weyforth,
unknown unnamed Chicago Police Officers, and unknown unnamed Cook County Correctional

Officers, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    Defendants deny the allegations in this paragraph.

## COUNT I

**PLAINTIFF AGAINST HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR UNREASONABLE INATTENTION TO MEDICAL NEEDS**

30.    Plaintiff hereby incorporates and realleges paragraphs one(1) through twenty-nine (29) hereat as though fully set forth at this place.

**ANSWER:**    Defendants hereby incorporate and reallege their answers to paragraphs

one (1) through twenty-nine (29) hereat as through fully set forth here.

31.    As alleged above, Defendants knew of Plaintiff's diabetic condition and his need for insulin but did not provide plaintiff with access to insulin and/or did not provide Plaintiff with any medical care and treatment. Through their actions and omissions, Defendants unreasonably subjected plaintiff to an unreasonable seizure in violation of his rights under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. These actions and omissions caused substantial harm to Plaintiff. Therefore, Defendants are liable to plaintiff pursuant to 42 U.S.C. section 1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants City of Chicago, Hoffman and Weyforth respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against Plaintiffs, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT II

**PLAINTIFF AGAINST UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICERS FOR UNREASONABLE INATTENTION AND/OR DELIBERANT INDIFFERENCE TO MEDICAL NEEDS**

There are no allegations or claims for relief directed to or concerning Defendants City of Chicago, Hoffman or Weyforth in this count and defendants therefore make no answer to these allegations. To the extent any of these allegations are construed to be directed to or concern these defendants, they are denied.

## COUNT III

### Plaintiff Against Unknown Unnamed Cook County Correctional Officer for <u>EXCESSIVE FORCE</u>

_____ There are no allegations or claims for relief directed to or concerning Defendants City of Chicago, Hoffman or Weyforth in this count and defendants therefore make no answer to these allegations. To the extent any of these allegations are construed to be directed to or concern these defendants, they are denied.

### COUNT IV

### PLAINTIFF AGAINST THE CITY OF CHICAGO, HOFFMAN, WEYFORTH, AND UNKNOWN UNNAMED CHICAGO POLICE OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

39.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine(2) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and reallege their answers to paragraphs one (1) through twenty-nine (29) here at as through fully set forth at this place.

40.    On June 20, 2007, Plaintiff was arrested and transported to the lockup at the Chicago Police Department's 2nd district.

**ANSWER:** Defendants admit that at a certain point following his arrest, plaintiff was transported to the 2nd police district lockup. Defendants deny the remaining allegations of this paragraph.

41.    That at the aforesaid place and time, the Defendants were acting within the scope of their employment, as employees of the City of Chicago Police Department.

**ANSWER:** Defendants Hoffman and Weyforth admit that they were on duty and acting within the scope of their employment. Defendants are without sufficient information and belief to answer regarding unknown, unnamed Chicago Police Officers.

42.    Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of

immediate medical care and/or medication.  Further, through their wilful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

**ANSWER:**    Defendants deny that Plaintiff told them he was in need of medical care

and/or medication.  Defendants deny that they engaged in willful and wanton conduct.

Defendants admit that they did not summon medical care and did not permit Plaintiff to take his

medication because Plaintiff did not have any obvious serious medical need and plaintiff did not

ask to take his medication or for medical care.

43.    As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and suffered great physical, mental, and emotional pain and suffering all to his detriment.

**ANSWER:**    Defendants deny the allegations in this paragraph.


44.    The City of Chicago is liable to Plaintiff for the acts of Hoffman, Weyforth, and unknown unnamed Chicago Police Officers pursuant to the doctrine of *respondeat superior.*

**ANSWER:**    Defendants deny that the City of Chicago is liable to Plaintiff.

45.    Therefore, unknown unnamed Chicago Police Officers, and the City of Chicago are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

**ANSWER:**    Defendants deny the allegations in this paragraph.


WHEREFORE, Defendants City of Chicago, Hoffman and Weyforth respectfully request

that this cause be dismissed with prejudice, that judgment be entered in their favor and against

Plaintiffs, with costs and that this court grant any other relief which it deems necessary and

proper.

## COUNT V

## PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTY

## CORRECTIONAL OFFICERS FOR THE SUPPLEMENTAL STATE CLAIM OF WILLFUL AND WANTON CONDUCT FOR FAILURE TO PROVIDE MEDICAL CARE

There are no allegations or claims for relief directed to or concerning Defendants City of Chicago, Hoffman or Weyforth in this count and defendants therefore make no answer to these allegations.  To the extent any of these allegations are construed to be directed to or concern these defendants, they are denied.

## COUNT VI

## PLAINTIFF AGAINST THOMAS DART IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF COOK COUNTY AND UNKNOWN UNNAMED COOK COUNTY CORRECTIONAL OFFICER FOR THE SUPPLEMENTAL STATE CLAIM OF BATTERY

There are no allegations or claims for relief directed to or concerning Defendants City of Chicago, Hoffman or Weyforth in this count and defendants therefore make no answer to these allegations.  To the extent any of these allegations are construed to be directed to or concern these defendants, they are denied.

## AFFIRMATIVE DEFENSES

1.      Defendants Hoffman and Weyforth ("Defendant officers") are entitled to qualified immunity.  Defendant officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant officers possessed.  Therefore, Defendant officers are entitled to qualified immunity as a matter of law.

2.      As to Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.      As to Plaintiff's state law claims, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.      As to Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.     To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

6.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.         Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102.

8.     Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109.

## JURY DEMAND

Defendants hereby demand a jury trial.

Respectfully submitted,


/s/ Erica A. Hokens
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1640
Chicago, Illinois 60602
312-742-6146

/s/ Thomas J. Platt
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4833
(312) 744-6566 (FAX)
ATTY. NO.  06181260                    May 30, 2008

**CERTIFICATE OF SERVICE**

_____I hereby certify that I have caused true and correct copies of the above and foregoing Answer and Affirmative Defenses to be served  via electronic filing to the persons named below at the addresses shown on May 30, 2008.

Garrett Brown
Ed Fox and Associates
300 W. Adams Street
Suite 330
Chicago, Illinois   60606

/s/ Erica A. Hokens
Assistant Corporation Counsel

/s/ Thomas J. Platt
Chief Corporation Counsel