IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYANT BULLOCKS | ) | |
|     Plaintiff, | ) | No. 08 C 1645 |
| | ) | |
| v. | ) | |
| | ) | Judge St. Eve |
| CITY OF CHICAGO, Chicago Police | ) | |
| Officer J.W. Hoffman, Star No.19110, | ) | |
| J.S. Weyforth, Star No. 12186, an unknown | ) | Magistrate Keys |
| number of unnamed Chicago Police, | ) | |
| Thomas Dart, in his official capacity as | ) | |
| Sheriff of Cook County, and an unknown | ) | |
| number of unnamed Cook County | ) | |
| Correctional Officers | ) | |
| | ) | |
|     Defendants. | ) | |

**MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER FOR
HEALTH INFORMATION (HIPAA) AND CONFIDENTIAL RECORDS**

    Defendants City of Chicago, Jerome Hoffman and James Weyforth, by their attorney, Thomas J. Platt, Assistant Corporation Counsel, City of Chicago, request this court to enter the attached Qualified HIPAA and Confidential Matter Protective Order for protected health information and for confidential records stating as follows:

    1.    Plaintiff brings claims under 42 U.S.C. §1983 and state law alleging in part, that the defendant Chicago Police Officers denied his request for insulin medication and medical treatment. Plaintiff alleges that he suffered physical injuries as a proximate result of defendants' alleged conduct.

    2.    Discovery in this case will be necessary as to plaintiff's claims of physical and mental damages. Plaintiff's medical records will need to be subpoenaed by the parties.

    3.    Further, the parties anticipate that discovery may involve the production of

confidential records and information including personnel files, disciplinary histories and Complaint Registers. Complaint Registers and personnel files contain personnel record information regarding police and other Chicago Police Department personnel (including non-parties), including personal indentifiers of officers and their families, disciplinary histories, reports and other action and information related to discipline, personal identification and civilian witnesses.

4. Personnel files, disciplinary histories and related information are protected by the Illinios Personnel Records Review Act, 820 ILCS 40/0.01 and the Illinois Freedom of Information Act, 5 ILCS 140/7.

5. The proposed Protective Order (attached as Exhibit A) prohibits the use of any medical records, personnel files and other personnel and disciplinary information and Complaint Register files for any purposes other than the litigation of this case, prohibits the dissemination of these records to parties outside the litigation and requires the return of these materials to the party producing them at the end of the litigation. This order would ensure the protection of this information consistent with federal and Illinois law.  The order will also protect against improper dissemination of confidential information and unfairness in the trial process.

6. Defendants do not object to the disclosure of relevant information to plaintiff in accordance with the Federal Rules of Civil Procedure, but only seek to limit the use of these records to the litigation and protect confidential information from being disseminated to third parties.

WHEREFORE, individual defendants City of Chicago, Jerome Hoffman and James Weyforth respectfully request that this court enter the attached Qualified HIPAA and Confidential Matter Protective Order and for such other relief this court deems appropriate.

Respectfully submitted,

/s/ Thomas J. Platt
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602          June 3, 2008
(312) 744-4833
ATTY. NO.   06181260

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYANT BULLOCKS )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, Chicago Police )<br>Officer J.W. Hoffman, Star No.19110, )<br>J.S. Weyforth, Star No. 12186, an unknown )<br>number of unnamed Chicago Police, )<br>Thomas Dart, in his official capacity as )<br>Sheriff of Cook County, and an unknown )<br>number of unnamed Cook County )<br>Correctional Officers )<br>)<br>        Defendants. ) | No. 08 C 1645<br><br>Judge St. Eve<br><br>Magistrate Keys | |

**QUALIFIED HIPAA AND CONFIDENTIAL MATTER
PROTECTIVE ORDER**

      Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.    The following words and terms are defined for purposes of this qualified protective order:

    1.    "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

    2.    "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

    3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

    4.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to

1

        an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    5.    When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

    6.    "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information.

B.    This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

    1.    The Parties shall be familiar with HIPAA and the Privacy Standards.

    2.    The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C.    The Parties will abide by the following terms and conditions:

    1.    The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

    2.    The Parties will store all PHI while it is in their possession according to the Privacy Standards.

    3.    The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or

4. dispose of any PHI retained thereafter pursuant to the Privacy Standards.  All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action.

4. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards.  The Parties shall release the PHI of the following person:

**Plaintiff: Bryant Bullocks, DOB: 21 June 1987**

5. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**CONFIDENTIAL:  DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 1645**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7. To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8. By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular

documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

9. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

10. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER: _____
Amy J. St. Eve
United States District Judge

DATED: _____

4