## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1645 | **DATE** | 7/14/2008 |
| **CASE TITLE** | Bullocks vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for a protective order [21] is granted. Defendants must file an amended protective order pursuant to this order by Thursday, 7/17/08.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

  Before the Court is Defendant City of Chicago's motion for entry of a qualified protective order for health information and confidential records. In his First Amended Complaint, Plaintiff Bryant Bullocks brings both common law and constitutional claims, including a deliberate indifference claim, based on Defendant Chicago Police Officers's denying Bullocks' request for insulin medication and medical treatment. Based on Bullocks' claims, the City contends that discovery in this matter will necessarily included Bullocks' medical records, as well as Defendants' confidential records and information, including personnel files, disciplinary histories, and Complaint Registers maintained by the Office of Professional Standards ("OPS") and/or the Independent Police Review Authority ("IPRA").

  Under Federal Rule of Civil Procedure 26(c)(1), "the [C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1); *see also Stagman v. Ryan,* 176 F.3d 986, 993 (7th Cir. 1999). In general, without a protective order, parties may publically disseminate information and materials obtained through discovery. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). The party seeking the protective order has the burden of showing that good cause exists for the issuance of the protective order. *See Jepsen,* 30 F.3d at 858; *Johnson v. Jung,* 242 F.R.D. 481, 483 (N.D. Ill. 2007).
Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

Here, Bullocks does not object to the protective order as it applies to any medical records, especially because the medical records at issue will most likely be his own. Bullocks, however, argues that a protective order for Defendants' personnel files is unnecessary and agrees to redact any portion of a document that contains personal identifiers. Despite Bullocks' willingness to redact, police officer's personnel records contain information that may implicate the officers' safety interests. *See O'Malley v. Village of Oak Brook,* No. 07 C 1679, 2008 WL 345607, at *2 (N.D. Ill. Feb. 6, 2008). Therefore, good cause exists to prohibit the public dissemination of the police officers' personnel files. If the Court concludes that this information is relevant and admissible later in these proceedings, the information will become part of the public trial record. *See Baxter Int'l., Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002).

Also, Bullocks objects to the protective order for the category of documents, including disciplinary histories and Complaint Registers. Pre-trial discovery of police records must be conducted in a manner that takes general police operations into consideration, as well as the reputation and safety of police officers. *See O'Malley,* 2007 WL 345607, at *2; *Johnson v. City of Chicago,* No. 05 C 6545, 2006 WL 3147715, at *2-3 (N.D. Ill. Nov. 1, 2006). Because of these concerns, Defendants have met their burden in establishing that good cause exists for the protective order as it pertains to Defendants' disciplinary histories and Complaint Registers. Again, if the Court concludes that this information is relevant and admissible later in these proceedings, the information will become part of the public trial record. *See Baxter,* 279 F.3d at 545.

Therefore, the Court, in its discretion, grants Defendants' motion for a protective order with the following change. *See Williams v. Chartwell Fin. Servs., Ltd.,* 204 F.3d 748, 759 (7th Cir. 2000) (decision to grant protective order discretionary). Specifically, the Court amends the proposed protective order by eliminating the language in paragraph A.6 that states "and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004)," because these Acts do not protect this information as Defendants' suggest. *See Bond v. Utreras,* No. 04 C 2617, 2007 WL 2003085, at *3-4 (N.D. Ill. July 2, 2007). Defendants must file the amended protective order with the Court by Thursday, July 17, 2008.